# United States District Court
# Central District of California

| | |
|---|---|
| SALVADOR MAGANA and LAURA MAGANA,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>SANDVIK MINING AND CONSTRUCTION USA, LLC; UNITED SCREENING AND CRUSHING, INC.; EXTEC, INC.; and DOES 5 through 100, inclusive,<br><br>　　　　　　Defendants. | Case №: 2:19-cv-00713-ODW (SSx)<br><br>**ORDER GRANTING MOTION TO REMAND [27]** |

## I.　INTRODUCTION

On May 11, 2017, Plaintiffs Salvador Magana and Laura Magana ("Plaintiffs") filed this personal injury action in the Superior Court of California for the County of Ventura.  (Notice of Removal Ex. A ("Compl."), ECF No. 1-1.)  Prior to the current defendants appearing, Defendant Sandvik, Inc.,[1] ("Sandvik") removed this matter based on federal diversity jurisdiction.  (*See* Notice of Removal ¶¶ 9, 13, 17, ECF No. 1.)  Plaintiffs move to remand.  (Mot. to Remand ("Mot."), ECF No. 27.)  For the

---

[1] Not to be confused with Defendant Sandvik Mining and Construction USA, LLC.

reasons that follow, the Court **GRANTS** Magana's Motion and **REMANDS** this action to state court.[2]

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 13, 2015, Plaintiff Salvador Magana worked as a laborer for Santa Paula Materials, Inc. ("Santa Paula"). (Decl. of William M. Grewe ("Grewe Decl.") ¶ 2, ECF No. 27-1.) Plaintiff Laura Magana is the lawful spouse of Plaintiff Salvador Magana. (Second Am. Compl. ("SAC") ¶ 16, ECF No. 25.) Mr. Magana used an "S5 Screener" machine to process rocks and materials. (SAC ¶ 2.) The machine caught his arm, pulled his arm into the machine, and severed his arm from his body. (Mot. 2.)

On May 11, 2017, Plaintiffs filed a complaint against Mr. Magana's employer, Santa Paula Materials, Inc., in the Superior Court of California for the County of Ventura, asserting claims for negligence, strict product liability, failure to warn, breach of warranty, and loss of consortium claims. (SAC.) Upon learning that Santa Paula was not liable for the injury, Plaintiffs filed a request for dismissal. (Mot. 2)

On November 26, 2018, the Department of Occupational Safety and Health informed Plaintiffs that Extec, Inc. ("Extec") manufactured, distributed, packaged, labeled, and warranted the subject S5 Screener. (SAC ¶ 3.) Plaintiffs believe that the S5 Screener was manufactured by Extec sometime in 2006 and subsequently sold or distributed to Santa Paula. (Mot. 3.) In 2007, a Sandvik entity acquired and merged with Extec. (Mot. 3.) In 2009, Extec filed a Certification of Surrender of Right to Transact Intrastate Business with the California Secretary of State. (Grewe Decl. ¶ 11, Ex. 9.)

On December 18, 2018, Plaintiffs filed their First Amended Complaint in state court adding a theory of successor liability. (Grewe Decl. ¶ 13.) On December 28, 2018, Plaintiffs filed a DOE Amendment naming Sandvik as Defendant DOE 1.

---

[2] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

(Grewe Decl. ¶ 14.) On January 30, 2019, Sandvik, removed this matter to federal court based on federal diversity jurisdiction because (1) Sandvik is a Delaware corporation with its principal place of business in New Jersey; (2) Plaintiffs are citizens of California; and (3) the amount in controversy exceeded $75,000. (Mot. 6.)

In response to a Motion to Dismiss filed by Sandvik, Inc., the parties met and conferred. (Grewe Decl. ¶ 18.) Plaintiffs learned Extec merged with Sandvik Mining ("Sandvik Mining") in 2009. (Mot. 8.) Additionally, Plaintiffs also learned that Santa Paula obtained the S5 Screener from United Screening and Crushing, Inc. ("United Screening"). (*Id.*) United Screening is a California corporation with its principal place of business in California. (*Id.*) After informal discovery and discussion with Sandvik's attorney, Plaintiffs learned Sandvik was not a proper defendant and dismissed Sandvik from the matter. (*Id.*)

On March 28, 2019, Plaintiffs filed a Second Amended Complaint naming Sandvik Mining and Construction USA, LLC; United Screening and Crushing, Inc.; and Extec, Inc. as Defendants. (Mot.) Plaintiffs now moves to remand on the basis that the Court lacks subject matter jurisdiction. (Mot.)

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See e.g.*, U.S. Const. Art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a).

Courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Therefore, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

instance." *Id.* This "strong presumption" against removal demands that a court resolve all ambiguity in favor of remand to state court. *Id.* (quoting *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

Remand may be ordered for lack of subject matter jurisdiction or for "any defect in removal procedure." 28 U.S.C § 1447(c). Lack of subject matter jurisdiction may be raised "at any time before final judgement." 28 U.S.C § 1447(c). If at any time before a final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case shall be remanded. 28 U.S.C § 1447(c).

## IV. DISCUSSION

The Court finds that it no longer has subject matter jurisdiction, and the matter should be remanded to the Superior Court of Ventura.

The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). A person's citizenship is determined by her domicile, "where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of both its state of incorporation and principal place of business. 28 U.S.C. § 1332(c).

Plaintiffs originally filed this case in the Superior Court of California for the County of Ventura. (*See generally* Compl.) Defendant Sandvik removed the case pursuant to 28 U.S.C. § 1332. (Mot. 3.) The amount in controversy in the First Amended Complaint exceeded $75,000. (First Am. Compl., ECF No 1-3.) Plaintiffs are citizens of California, and Sandvik is a Delaware corporation with its principal

place of business in New Jersey. (Mot. 8.) At the time of removal, complete diversity was satisfied, thus the Court had subject matter jurisdiction over the matter. On March 25, 2019, Plaintiffs dismissed Sandvik from this action because Sandvik was not a proper defendant. (Notice of Dismissal, ECF No. 22.)

After dismissing Sandvik, Plaintiffs filed a Second Amended Complaint ("SAC"), and named Sandvik Mining and Construction USA, LLC; United Screening and Crushing, Inc.; and Extec, Inc. as defendants. (SAC ¶¶ 1–4.) Sandvik Mining is a limited liability company incorporated in Delaware and maintains its principal place of business in Delaware. (Mot. 8.) In March of 2009, Sandvik Mining merged with Extec. (SAC ¶ 1.) United Screening is incorporated in the state of California and maintains its principal place of business in California. (SAC ¶ 2.) United Screening was involved in the selling, leasing, distributing and/or delivering the S5 Screener that caused Plaintiffs' injuries. (*Id.*) Extec was incorporated in the State of Delaware and maintains its principal place of business in California. (SAC ¶ 3.) Extec is the alleged manufacturer of the S5 Screener that caused Plaintiffs' injuries. (*Id.*)

Here, diversity jurisdiction is not satisfied, newly named Defendants United Screening and Extec are corporations with their principal place of businesses in California. (SAC 2.); *see* 28 U.S.C. § 1332(c) (a corporation is a citizen of both its state of incorporation and principal place of business.) Consequently, diversity jurisdiction is no longer met and the requirements of 28 U.S.C. § 1332(a) are no longer satisfied.

## V. CONCLUSION

For the reasons discussed above, the Court **REMANDS** the action to the **Superior Court of California for the County of Ventura, Case No. 56-2017-00496365-CU-PL-VTA** located at 800 South Victoria Avenue, Ventura, California 93009. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

August 29, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**